UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YUSUF BROWN, | ) | CASE NO. 4:12 CV 1356 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BENNIE KELLY, WARDEN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Yusuf Brown filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Warden Bennie Kelly. In the Complaint, Plaintiff alleges he has been subjected to overcrowded conditions in the TCI segregation unit. He seeks monetary damages and injunctive relief.

**I.    Background**

Plaintiff claims the segregation unit at TCI is overcrowded. He indicates the unit was designed to house a maximum of 72 inmates; however, it houses between 95 and 118 inmates at any given time. He contends segregation cells designed for two inmates are housing three inmates, requiring one inmate to sleep on a mattress on the floor. He states there are times when segregation inmates are moved to other areas of the prison, such as reception and delivery, which were not designed to house inmates. He indicates inmates moved to those areas must also sleep on mattresses on the floor.

Plaintiff contends the overcrowding problem began when TCI accepted inmates from the segregation units of the Mansfield Correctional Institution, the Marion Correctional Institution, and the Noble Correctional Institution. He indicates these inmates had their security levels raised by

their former institutions and were sent to the TCI segregation unit to await transfer to the Southern Ohio Correctional Facility or the Ohio State Penitentiary. He alleges inmates of rival gangs have been placed in close proximity to each other, which has increased the frequency of inmate violence and the use of pepper spray by corrections officers. He contends episodes of violence often result in reduced recreation time for other segregation inmates.

Plaintiff states he was moved to the TCI segregation unit in January 2012. He states that although he has not been sprayed directly, he has experienced headaches, respiratory problems, insomnia, stomach aches, burning skin and eye irritation from continued exposure to residual pepper spray. He contends he has gone up to a week without being out of his cell for recreation. Finally, Plaintiff alleges staff members have given his personal property to other inmates on occasion because there are too many inmates for them to adequately track.

Plaintiff claims his Eighth Amendment rights have been violated. He requests an order from this Court requiring the Defendant to reduce the number of inmates in segregation to the capacity levels for which the unit was designed. He also seeks compensatory and punitive damages.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte*
(continued...)

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.    Analysis**

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth

---

(...continued)
*v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### A. Objective Component

The objective component of an Eighth Amendment claim focuses on the constitutional limitation of the state's power to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes*, 452 U.S. at 346. The Eighth Amendment, however, is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. It does not bar every unpleasant experience a prisoner might endure while incarcerated. *Ivey*, 832 F.2d at 954. Prisoners "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999). Placement in segregation, for example, does not violate the Eighth Amendment because it is a routine discomfort that is "part of the penalty that criminal offenders pay

for their offenses against society." *Hudson*, 503 U.S. at 9. Similarly, an odorous cell without amenities does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment as long as it is not caused by the lack of essential sanitation. *See Rhodes*, 452 U.S. at 347; *Knop v. Johnson,* 977 F.2d 996, 1012-19 (6th Cir.1992); *see also Chandler v. Chapleau*, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996).

Here, Plaintiff's Eighth Amendment claims is based on four allegations. First, he claims the unit is overcrowded which results in inmates sleeping on mattresses on the floor and more frequent altercations. Second, he alleges he is exposed to residual pepper spray which caused him to experience itching and burning eyes, headaches, stomach aches and insomnia. Third, he contends he is often denied recreation or has his recreation time cut short when violence erupts. Fourth, Plaintiff alleges he has lost property because staff members are finding it difficult to track the belongings of all of the inmates in the unit.

Accepting Plaintiff's allegations as true, they do not state a violation of his Eighth Amendment rights. While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. Although Plaintiff may have been subjected to uncomfortable conditions, he does not allege with any specificity that he was denied essential food, basic sanitation, or safe temperatures.

Similarly, second-hand exposure to pepper spray, alone, is not a violation of the Eighth Amendment unless exposure to chemical agents is contraindicated by a prisoner's documented medical history. *See Reilly v. Grayson*, 157 F.Supp.2d 762 (E.D. Mich.2001)(finding an Eighth Amendment violation where the inmate had a documented asthmatic condition and was placed in

a smoke-free environment but prison officials failed to enforce the no-smoking policy within that housing unit); *Reeves v. Wallington*, No. 06–10326, 2007 WL 1016979 (E.D. Mich. Mar.29, 2007)(denying summary judgment where inmate had a "medical detail"—an order that he be removed prior to the use of chemical agents—and the prison officials failed to check with health officials and did not remove inmate prior to using the chemical agent). Plaintiff does not allege he has a documented serious medical condition which requires him to be removed from the area prior to using pepper spray.

In addition, Plaintiff does not allege he has been denied medical care for the minor physical symptoms he experiences from the second hand exposure to the pepper spray. In fact, he claims he has sought out medical treatment for some of these symptoms and gives no indication that the Defendant took steps to impede that treatment. Plaintiff has not established that his exposure to second hand ambient pepper spray was objectively serious to violate the Eighth Amendment.

The occasional denial of recreation is not a violation. Although "total or near total deprivation of exercise or recreational opportunity, without penological justification violates the Eighth Amendment guarantees," *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir.1983), Plaintiff does not claim he was totally denied outdoor or indoor recreation. Rather, he simply states that when officers have to respond to an altercation, recreation is restricted while the officers address the situation and get it under control. He claims on one occasion, he was denied recreation outside of his cell for a week. Occasional deprivation of recreation for a limited time is insufficient to suggest the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim. *See Wilson*, 501 U.S. at 298.

Finally, Plaintiff claims his property was inadvertently given to other inmates by distracted

corrections officers dealing with an increased prisoner population.  He also fails to establish that these actions were objectively serious to be prohibited by the Eighth Amendment.  He does not elaborate on the nature of the misplaced property; however, there is no suggestion that the items lost were of the nature of essential food, medical care, or sanitation.  There is nothing in the Complaint to suggest that the loss of property resulted in cruel and unusual punishment.

### B. Subjective Component

Moreover, even if Plaintiff's allegations satisfied the objective component of an Eighth Amendment claim, he failed to suggest the Defendant was sufficiently culpable to satisfy the subjective component.  To meet this standard, Plaintiff must allege facts showing that the Defendant personally knew of, and acted with deliberate indifference to Plaintiff's health or safety.  *Wilson*, 501 U.S. at 302-03.  Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835.  This standard is met only if the Defendant is both aware of facts from which the inference could be drawn that a substantial risk of serious harm to the Plaintiff exists, and also draws the inference.  *Id*. at 837.

In this case, Plaintiff has not alleged TCI Warden Bennie Kelly was deliberately indifferent to a substantial risk of harm to Plaintiff's health or safety.  Plaintiff contends the Warden "has the final policy-making authority in TCI on behalf of the Ohio Department of Rehabilitation and Correction."  Plaintiff cannot establish individual liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  In the context of an Eighth Amendment claim, Plaintiff must demonstrate that the Warden not only knew of the conditions in the segregation unit,

but that he also knew the effect that those conditions were having on the Plaintiff and deliberately disregarded a substantial risk to his health or safety. *Id*. at 837. The allegation that Warden has the ultimate authority to make policies for the prison, standing alone, is not sufficient to establish deliberate indifference. The claims against the Warden in his individual capacity must be dismissed.

Plaintiff also asserts claims against the Warden in his official capacity. A suit against a public servant in his official capacity imposes liability on the office he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Because the Warden is an employee of the Ohio Department of Rehabilitation and Correction, which is an arm of the State, a claim against him in his official capacity is a claim against the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

### IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

> IT IS SO ORDERED.

Date: November 20, 2012                    /s/ John R. Adams
                                           JOHN R. ADAMS
                                           UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.